ute to payments pursuant to that PILOT agreement based on Carousel Company's failure to do so. Thus, the court properly declared that plaintiffs remained obligated to make contributions to PILOT payments in accordance with the REA, even if the amount of such contributions exceeds the amounts previously paid. Additionally, because the current PILOT agreement separates the existent Carousel Center from any expansion parcels, there was no need for the court to declare a new formula by which the parties should calculate plaintiffs' PILOT contributions (*see generally DiFrancesco v County of Rockland*, 41 AD3d 530, 532 [2007], *appeal dismissed* 9 NY3d 953 [2007]).

Plaintiffs further contend that they were entitled to a declaration that conditions currently existed that would permit them to terminate the REA pursuant to section 17.4 of that agreement. We reject that contention. Although we conclude that the court erred in determining that the termination right set forth in section 17.4 is dependent upon the parking requirement easement in REA § 11.1, we nevertheless conclude that the court properly declared that "conditions do not exist for [p]laintiff[s] to terminate the REA . . . and that [p]laintiff[s] currently may not exercise that right." Plaintiffs' allegations that planned construction will result in a parking reduction sufficient to trigger the termination right in section 17.4 are speculative, whereas section 17.4 contemplates an actual deprivation of parking availability in order to become operative. Present—Smith, J.P., Peradotto, Green, Pine and Gorski, JJ.

 In the Matter of City of Syracuse Industrial Development Agency, Respondent, to Acquire Certain Interests in the Carousel Center Site, which Site is Generally Identified as 1 Carousel Center Drive (Lot 11K), SBL No. Order 114-02-05.6, and 304 Hiawatha Boulevard W. Rear (Lot 11B), SBL No. 114-02-05.2 in the City of Syracuse, New York, Which Parcels Comprise a Portion of the Site for the Phased Public Project Known as Destiny USA. Lord & Taylor Carousel, Inc., Appellant. (Proceeding No. 1.) In the Matter of City of Syracuse Industrial Development Agency, Respondent, to Acquire Certain Interests in the Carousel Center Site, Which Site is Generally Identified as 1 Carousel Center Drive (Lot 11K), SBL No. Order 114-02-05.6, and 304 Hiawatha Boulevard W. Rear (Lot 11B), SBL No. 114-02-05.2 in the City of Syracuse, New York, Which Parcels Comprise a Portion of the Site for the Phased Public Project Known as Destiny USA. Kaufmann's Carousel, Inc., Appellant. (Proceeding No. 2.) (Appeal No. 4.)

[890 NYS2d 888]—

Present—Smith, J.P., Peradotto, Green, Pine and Gorski, JJ.

The People of the State of New York, Respondent, v Ibriel Sumter, Appellant. [891 NYS2d 794]—

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of two counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Defendant failed to preserve for our review his contention that County Court should have suppressed the in-court identifications of him by three police investigators based on the insufficiency of the CPL 710.30 notice (see People v Robinson, 28 AD3d 1126, 1129 [2006], lv denied 7 NY3d 794 [2006]; People v Topolski, 28 AD3d 1159, 1161 [2006], lv dismissed 6 NY3d 898 [2006], lv denied 7 NY3d 764, 795 [2006]). In any event, that contention is without merit. The CPL 710.30 notice set forth the date of the identification proceeding, the location where it occurred and the manner of identification, and we thus conclude that the notice was sufficient "to facilitate . . . defendant's opportunity to challenge" that identification proceeding (People v Lopez, 84 NY2d 425, 428 [1994]; see People v Del Valle, 234 AD2d 634, 635 [1996], lv denied 89 NY2d 1010 [1997]; People v Mayers, 233 AD2d 407 [1996], lv denied 89 NY2d 944 [1997]). There is no support in the record for